UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANNA ESPARZA | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| NINETY NINE CENTS ONLY | § | |
| STORE, INC. D/B/A NINETY NINE | § | |
| CENTS ONLY STORE #2848 A/K/A | § | CIVIL NO.:   5:22-cv-1048 |
| 99¢ ONLY STORES, 99 CENTS | § | |
| ONLY STORES TEXAS, INC., 99 | § | |
| CENTS ONLY STORES, LLC, AND | § | |
| 99¢ ONLY STORES TX | § | |
| HEADQUARTERS + | § | |
| DISTRIBUTION CENTER | § | |
| Defendants | § | |

## DEFENDANTS NOTICE OF REMOVAL

COMES NOW 99 ONLY STORES LLC and files this Notice of Removal pursuant to 28 U.S.C. Section 1446 (a) and hereby removes this case from the 408th Judicial District Court in Bexar County, Texas to the United States District Court for the Western District of Texas.

Defendant demands a jury trial on all issues.

Defendant has denied the claims and damages alleged in Plaintiff's Original Petition and files this notice without waiving any claims, defenses, exceptions or obligations that may exist in its favor in state or Federal Court.

I.

## INTRODUCTION

99 Cents Only Stores LLC is one of the named Defendants in a civil action commenced on August 1, 2022 in the 408th Judicial District Court of Bexar County, Texas. The cause number of that case is 2022-CL-14319 and the style is Anna Esparza v. 99 Cents Only Store Inc. et al. (This will be hereinafter referred to as the state court action).

Copies of all pleadings and orders served in the state court action are attached along with an index of the state court documents.

The address for the Judicial District Court is Bexar County Courthouse 100 Dolarosa, 2nd Floor, San Antonio, Texas 78205.

Plaintiff in the state court case is Anna Esparza and her attorney is Damon K. Garza, Garza Trial Law 445 Recoleta Rd., San Antonio, Texas 78212; Tel. (210)625–5000, Fax. (210)987–5016; dkgarza@gmail.com.

Defendant is represented by Michael J. Griffin, III, Griffin & Griffin, 18230 FM 1488, Suite 330, Magnolia, Texas 77354, Tel. (713) 228-6568, Fax. (713) 228-9900; Michael@griffinandgriffin.us.

There are no other parties to the civil action although numerous other Defendants including entities that do not legally exist have been named in the petition.

## II.
## BASIS FOR REMOVAL

Defendant timely filed an Answer in the state court action. The lawsuit was filed on August 1, 2022 and Defendant was served on August 25, 2022. This Notice of Removal is filed within 30 days of receipt of the citation and petition and is timely filed pursuant to 28 U.S.C. section 1446 (b)

### A. Diversity of Citizenship

1. The District Courts of the United States have original jurisdiction of this action based on diversity of citizenship among the parties. Each Defendant is now and was at the time this action was filed diverse in citizenship from the Plaintiff. Plaintiff is or was at the time the suit was filed a citizen of the State of Texas.

Plaintiff's allegations in her state court petition affirmatively alleged this Defendant is a foreign corporation incorporated in California.

99 Cents Only Stores LLC is a California corporation with its principal place of business in California. It has only one member: Number Holdings Inc., a Delaware Corporation registered on October 5, 2011 with a Tax ID of 80-0761463, As such, Defendant is now and was at the time this lawsuit was commenced a citizen of a state other than Texas.

**B. Amount in Controversy in this action**

Exclusive of interest and costs in the amount in controversy exceeds the sum of $75,000.00. In her state court petition Plaintiff claims damages of over $200,000.00.

III.
**CONCLUSION**

Removal of the state court action is proper pursuant to 28 U.S.C. section 1441 since it is a civil action brought in the state court and he federal district court has original jurisdiction over the subject matter under 28 U.S.C. Section 1332 (a) as Plaintiff and Defendant are diverse in citizenship.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully prays that the court, pursuant to the statutes and in conformity with the requirements set forth in 28 U.S.C. Section 1446, remove this action from the 408th Judicial District Court in Bexar County, Texas to this Honorable Court in the Western District of Texas.

Respectfully submitted,

Date: 09/24/2022

*Michael J. Griffin*

_____

MICHAEL J. GRIFFIN III
SBN: 08463020
FEDERAL I.D. NO. 9661
**GRIFFIN & GRIFFIN**

MAGNOLIA LANDMARK BLDG.
18230 FM 1488 Rd., Suite 330
Magnolia, Texas 77354
(713) 228-6568 Tel.
(713) 228-9900 Fax.
Michael@griffinandgriffin.us

**ATTORNEY FOR DEFENDANT
99 ONLY STORES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, e-service, e-mail, facsimile transmission, and/or hand delivered by messenger, on this the 24th day of September 2022.

Damond K. Garza
GARZA TRIAL LAW
445 Recoleta Road
San Antonio, Texas 78212
Tel. 210/625-5000
Fax. 210/987-5016
dkgarza@gmail.com

Date: 09/24/2022

*Michael J. Griffin*

_____

MICHAEL J. GRIFFIN, III

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANNA ESPARZA | § |
|    *Plaintiff* | § |
| | § |
| VS. | § |
| | § |
| NINETY NINE CENTS ONLY | § |
| STORE, INC. D/B/A NINETY NINE | § |
| CENTS ONLY STORE #2848 A/K/A | §  CIVIL NO.:   5:22-cv-1048 |
| 99¢ ONLY STORES, 99 CENTS | § |
| ONLY STORES TEXAS, INC., 99 | § |
| CENTS ONLY STORES, LLC, AND | § |
| 99¢ ONLY STORES TX | § |
| HEADQUARTERS + | § |
| DISTRIBUTION CENTER | § |
|    *Defendants* | § |

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. Civ. P. 7 .1 99 Cents Only Stores LLC provides the following information:

For a nongovernmental corporate party, the names of its parent corporation and any publicly held corporation that owns 10% or more of its stock: Ares Management and CPP investment Board for 99 Cents Only Stores Texas, Inc. which has been named but not yet served.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations or other legal entities that are financially interested in the outcome of the case:

99 Cents Only Stores LLC; and Numbers Holdings Inc. defense counsel Michael J. Griffin III and Anna Esparza and Garza Trial Law

Respectfully submitted,

Date: 09/24/2022

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN III
SBN: 08463020
FEDERAL I.D. NO. 9661
**GRIFFIN & GRIFFIN**
MAGNOLIA LANDMARK BLDG.
18230 FM 1488 Rd., Suite 330
Magnolia, Texas 77354
(713) 228-6568 Tel.
(713) 228-9900 Fax.
Michael@griffinandgriffin.us

**ATTORNEY FOR DEFENDANT**
**99 ONLY STORES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, e-service, e-mail, facsimile transmission, and/or hand delivered by messenger, on this the 21st day of September 2022.

Damond K. Garza
GARZA TRIAL LAW
445 Recoleta Road
San Antonio, Texas 78212
Tel. 210/625-5000
Fax. 210/987-5016
dkgarza@gmail.com


Date: 09/21/2022

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN, III

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANNA ESPARZA | § | |
|       *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| NINETY NINE CENTS ONLY | § | |
| STORE, INC. D/B/A NINETY NINE | § | |
| CENTS ONLY STORE #2848 A/K/A | § | CIVIL NO.:  5:22-cv-1048 |
| 99¢ ONLY STORES, 99 CENTS | § | |
| ONLY STORES TEXAS, INC., 99 | § | |
| CENTS ONLY STORES, LLC, AND | § | |
| 99¢ ONLY STORES TX | § | |
| HEADQUARTERS + | § | |
| DISTRIBUTION CENTER | § | |
|       *Defendants* | § | |

## LIST OF COUNSEL OF RECORD

Plaintiff in the State Court Action is Ana Esparza and her attorney is,

Damond K. Garza,  GARZA TRIAL LAW, 445 Recoleta Road, San Antonio,

Texas    78212,    Tel.    (210)625-5000,    Fax.    (210)987-5016,

dkgarza@gmail.com.

99 CENTS ONLY STORES LLC is represented by Michael J. Griffin,

III, SBN: 08463020, GRIFFIN & GRIFFIN, 18230 FM 1488, Suite 330,

Magnolia, Texas 77354, Tel. (713)228-6568, Fax. (713)228-9900,

Michael@griffinandgriffin.us.

Respectfully submitted,

Date: 09/24/2022

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN III
SBN: 08463020
FEDERAL I.D. NO. 9661
**GRIFFIN & GRIFFIN**
MAGNOLIA LANDMARK BLDG.
18230 FM 1488 Rd., Suite 330
Magnolia, Texas 77354
(713) 228-6568 Tel.
(713) 228-9900 Fax.
Michael@griffinandgriffin.us

**ATTORNEY FOR DEFENDANT
99 ONLY STORES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, e-service, e-mail, facsimile transmission, and/or hand delivered by messenger, on this the 21st day of September 2022.

Damond K. Garza
GARZA TRIAL LAW
445 Recoleta Road
San Antonio, Texas 78212
Tel. 210/625-5000
Fax. 210/987-5016
dkgarza@gmail.com

Date: 09/2/2022

*Michael J. Griffin* /s/

_____
MICHAEL J. GRIFFIN, III

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANNA ESPARZA | § | |
|        *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| NINETY NINE CENTS ONLY | § | |
| STORE, INC. D/B/A NINETY NINE | § | |
| CENTS ONLY STORE #2848 A/K/A | § | CIVIL NO.:   5:22-cv-1048 |
| 99¢ ONLY STORES, 99 CENTS | § | |
| ONLY STORES TEXAS, INC., 99 | § | |
| CENTS ONLY STORES, LLC, AND | § | |
| 99¢ ONLY STORES TX | § | |
| HEADQUARTERS + | § | |
| DISTRIBUTION CENTER | § | |
|        *Defendants* | § | |

## INDEX OF DOCUMENTS TO BE FILED WITH NOTICE OF REMOVAL

1.   Plaintiff's Original Petition;

2.   Service of process Transmittal Summary;

3.   Defendant's Original Answer;

4.   Defendant's Notice of Removal.

FILED
8/1/2022 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 408th District Court

**2022CI14319**

CAUSE NO. _____

| | | |
|---|---|---|
| **ANNA ESPARZA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **408th   JUDICIAL DISTRICT** |
| | § | |
| **NINETY NINE CENTS ONLY** | § | |
| **STORE INC. d/b/a NINETY NINE** | § | |
| **CENTS ONLY STORE #2848 a/k/a** | § | |
| **99¢ ONLY STORES, 99 CENTS** | § | |
| **ONLY STORES TEXAS, INC., 99** | § | |
| **CENTS ONLY STORES LLC, and** | § | |
| **99¢ ONLY STORES TX** | § | |
| **HEADQUARTERS +** | § | |
| **DISTRIBUTION CENTER,** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, ANNA ESPARZA, and respectfully files this Plaintiff's Original Petition complaining of and about Defendants, NINETY NINE CENTS ONLY STORE INC. d/b/a NINETY NINE CENTS ONLY STORE #2848 a/k/a 99¢ ONLY STORES (hereinafter referred to as "Defendant 99 CENTS #2848"), 99 CENTS ONLY STORES TEXAS, INC. (hereinafter referred to as "Defendant 99 CENTS TEXAS"), 99 CENTS ONLY STORES LLC (hereinafter referred to as "Defendant 99 CENTS LLC"), and 99¢ ONLY STORES TX HEADQUARTERS + DISTRIBUTION CENTER (hereinafter referred to as "Defendant 99¢ TX HEADQUARTERS") (hereinafter referred to collectively as

"Defendants"), and in support thereof would respectfully show unto the Court the following:

## I.
### DISCOVERY CONTROL PLAN

1.1    Consistent with the requirements of TEX. R. CIV. P. 190.4, Plaintiff intends to conduct discovery under Level 3, and pleads this action is not governed by the expedited actions process in TEX. R. CIV. P. 169, as Plaintiff seeks monetary recovery over $200,000.00.

## II.
### PARTIES

2.1    Plaintiff, ANNA ESPARZA, is an individual and resident of San Antonio, Bexar County, Texas. Plaintiff is bringing claims for personal injury. The last three digits of Plaintiff's Texas driver's license number are 671, and the last three digits of Plaintiff's social security number are 994.

2.2    Defendant, NINETY NINE CENTS ONLY STORE INC. d/b/a NINETY NINE CENTS ONLY STORE #2848 a/k/a 99¢ ONLY STORES, is a foreign for-profit corporation which, upon information and belief, is incorporated in California and maintains its principal place of business in Katy, Texas. Said defendant does business in the State of Texas and can be served with process, pursuant to Section 17.042 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, by

serving its Registered Agent for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. **Citation is hereby requested**.

2.3     Defendant, 99 CENTS ONLY STORES TEXAS, INC., is a foreign for-profit corporation which, upon information and belief, is incorporated in California and maintains its principal place of business in Katy, Texas. Said defendant does business in the State of Texas and can be served with process, pursuant to Section 17.042 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, by serving its Registered Agent for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. **Citation is hereby requested**.

2.4     Defendant, 99 CENTS ONLY STORES LLC, is a foreign for-profit corporation which, upon information and belief, is incorporated in California and maintains its principal place of business in Katy, Texas. Said defendant does business in the State of Texas and can be served with process, pursuant to Section 17.042 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, by serving its Registered Agent for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. **Citation is hereby requested**.

2.5     Defendant, 99¢ ONLY STORES TX HEADQUARTERS + DISTRIBUTION CENTER is a domestic for-profit corporation which, upon information and belief, maintains its principal place of business and is located in Katy, Texas. Said defendant does business in the State of Texas and can be served

with process, pursuant to Section 17.042 of the Texas Civil Practice & Remedies Code, by serving its Registered Agent for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. **Citation is hereby requested**.

### III.
### Jurisdiction and Venue

3.1    This Court has subject matter jurisdiction because Plaintiff seeks damages in excess of the Court's minimum jurisdictional limits.

3.2    Plaintiff seeks monetary relief of over $200,000.00.

3.3    This Court has jurisdiction over Defendant 99 CENTS #2848 because, upon information and belief, it:

    a.   is a for-profit corporation which was operating in the State of Texas at the time this cause of action accrued;

    b.   engages in foreseeable, intentional, continuous contacts within Texas, rendering it "at home" in Texas;

    c.   recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state;

    d.   has continuous and systematic contacts with the state, thereby rendering it "at home" in Texas;

    e.   committed one or more of the tortious acts/omissions which are the basis of this action, in whole or in part, in Texas;

    f.   it is located in San Antonio, Bexar County, Texas and is the physical location where the subject incident occurred; and,

    g.   Defendants' principal place of business is located in Katy, Harris County, Texas.

3.4    This Court has jurisdiction over Defendant 99 CENTS TEXAS because, upon information and belief, it:

    a.   is a for-profit corporation which was operating in the State of Texas at the time this cause of action accrued;

    b.    engages in foreseeable, intentional, continuous contacts within Texas, rendering her "at home" in Texas

    c.    recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state;

    d.    has continuous and systematic contacts with the state, thereby rendering it "at home" in Texas;

    e.    committed one or more of the tortious acts/omissions which are the basis of this action, in whole or in part, in Texas; and,

    f.    Defendants' principal place of business is located in Katy, Harris County, Texas.

3.5    This Court has jurisdiction over 99 CENTS LLC because it:

    a.    is a for-profit corporation which was operating in the State of Texas at the time this cause of action accrued;

    b.    engages in foreseeable, intentional, continuous contacts within Texas, rendering her "at home" in Texas

    c.    recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state;

    d.    has continuous and systematic contacts with the state, thereby rendering it "at home" in Texas;

    e.    committed one or more of the tortious acts/omissions which are the basis of this action, in whole or in part, in Texas; and,

    f.    Defendants' principal place of business is located in Katy, Harris County, Texas.

3.6    This Court has jurisdiction over Defendant 99¢ TX HEADQUARTERS

because it:

    a.    is a for-profit corporation which was domiciled in the State of Texas at the time this cause of action accrued;

    b.    engages in foreseeable, intentional, continuous contacts within Texas, rendering her "at home" in Texas

    c.    recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state;

    d.    has continuous and systematic contacts with the state, thereby rendering it "at home" in Texas;

    e.    committed one or more of the tortious acts/omissions which are the basis of this action, in whole or in part, in Texas; and,

f.    it is located in Katy, Harris County, Texas and is the physical location of Defendants' principal place of business.

3.7    Venue is proper in Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because it is the county in which all or a substantial part of the events or omissions giving rise to the cause of action occurred, and pursuant to TEX. CIV. PRAC. & REM. CODE § 15.093 because it is the county in which the tort for which damages is sought was inflicted.

3.8    Plaintiffs expressly disavow any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because at least one plaintiff and one defendant are both citizens of the state in which this action is brought, engages in foreseeable, intentional, continuous contacts within the state, rendering it "at home" in Texas, and/or maintains its principal place of business in Texas. Therefore, any removal, or consent to removal, of this case to federal court would be improper.

## IV.
### BACKGROUND FACTS

4.1    This lawsuit arises from an incident which occurred in San Antonio, Texas on or about July 30, 2020, at a 99¢ ONLY STORES location operating at 5464 Walzem Road, Suite 3, San Antonio, Texas 78218 (also identified as NINETY NINE CENTS ONLY STORE #2848).

4.2     At all times material and relevant to this action, the subject store was open to the public, a class of persons to which Plaintiff belonged.  Plaintiff entered the premises in question, with Defendants' consent, for the purpose of searching for and purchasing items, to Plaintiff and Defendants' mutual benefit.

4.3     At the time of the subject incident, Plaintiff was ambulating in one of the aisles of the subject store while shopping when Plaintiff slipped on liquid which had been spilled on and/or allowed to accumulate on the floor, causing her to fall to the ground, suffering serious, painful bodily injuries, including her lower back.

4.3     At all times material and relevant to this action, the subject store location was owned, controlled, and/or operated by one or more of the named defendants: 99 CENTS #2848, 99 CENTS TEXAS, 99 CENTS LLC, and/or 99¢ TX HEADQUARTERS.

4.4     At all times material and relevant to this action, one or more of the defendants and their employees were responsible for the condition of the subject store and ensuring that the subject premises presented a safe environment for all those present.

4.5     At all times material and relevant to this action, one or more of the defendants and their employees were responsible for surveying and/or inspecting the subject premises to discover any dangerous condition(s) which posed a threat to persons at the subject location.

4.6    At all times material and relevant to this action, one or more of the defendants and their employees knew, or reasonably should have known, that a dangerous condition existed on the subject premises and should have taken action to remove or otherwise make safe the dangerous condition to eliminate the foreseeable threat it posed to those present at the subject store.

4.7    The subject incident and the resultant bodily injuries and other related damages suffered by Plaintiff were directly and proximately caused by the negligence of Defendants, 99 CENTS #2848, 99 CENTS TEXAS, 99 CENTS LLC, and/or 99¢ TX HEADQUARTERS, together via their actions and/or omissions.

4.8    As a result of the subject incident, Plaintiff has suffered serious and debilitating injuries and damages.

## V.
### CAUSES OF ACTION AGAINST
### DEFENDANTS, NINETY NINE CENTS ONLY STORE INC. D/B/A NINETY NINE CENTS ONLY STORE #2848 A/K/A 99¢ ONLY STORES, 99 CENTS ONLY STORES TEXAS, INC., 99 CENTS ONLY STORES LLC, AND/OR 99¢ ONLY STORES TX HEADQUARTERS + DISTRIBUTION CENTER

### A.    PREMISES LIABILITY/NEGLIGENCE

5.1    Because Plaintiff entered the premises in question as a guest of Defendants, 99 CENTS #2848, 99 CENTS TEXAS, 99 CENTS LLC, and/or 99¢ TX HEADQUARTERS, as a "business invitee" for their mutual benefit, Defendants, individually and/or collectively, owed Plaintiff, and all those similarly situated to Plaintiff, a duty to exercise ordinary care.

5.2    Specifically, Defendants owed a duty to: discover any unreasonably dangerous conditions existing on the premises; warn Plaintiff of the existence of any such dangerous conditions; and, make the premises safe for use by Plaintiff.

5.3    At all times material and relevant to this action, Defendants knew, or in the exercise of ordinary care should have known, that the gathering of liquid in a pedestrian walkway where customers were expected and encouraged to ambulate amongst the products for sale was a dangerous condition which could result in an invitee slipping and/or falling, and that said dangerous condition posed an unreasonable and foreseeable risk of harm to Plaintiff and those similarly situated to Plaintiff. Defendants breached their duty.

5.4    Defendants failed to take reasonable steps to timely discover this foreseeable and preventable hazard and/or ignored it altogether, failed to warn Plaintiff of the existence of this hazardous condition on the subject premises even though the dangerous condition existed on the premises for such a period of time that it reasonably should have been discovered by Defendants employees/representatives, and failed to take reasonable action to correct the hazard and/or make the premises safe.

5.5    Such indifference and failure(s) to act on the part of Defendants were careless and reckless acts of omission and commission which, collectively and

severally, constituted negligence, and which were direct and/or proximate causes of Plaintiff's injuries and damages, as further detailed below.

5.6    Additionally, at all times material and relevant to this action, Defendants' employees and/or representatives were acting within the course and scope of their duties and employment with Defendants.   Thus, Defendants are vicariously liable for the negligent conduct of its employees and/or representatives under the common law doctrine of *respondeat superior*.

## VI.
### DAMAGES

### A.    COMPENSATORY DAMAGES

6.1    As a result of Plaintiffs' injuries, Plaintiff seeks monetary damages as compensation for the following elements of damages:

- (a)    reasonable and necessary medical care and expenses in the past;
- (b)    reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
- (c)    physical pain and suffering in the past;
- (d)    physical pain and suffering in the future;
- (e)    physical impairment in the past;
- (f)    physical impairment in the future;
- (g)    disfigurement in the past;
- (h)    disfigurement in the future;
- (i)    mental anguish in the past;
- (j)    mental anguish in the future;
- (k)    lost wages; and,
- (l)    loss of earning capacity.

## VII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest as provided by law.

## VIII.
## RESERVATION OF RIGHTS

8.1    Plaintiff reserves the right to prove the full amount of damages at trial. Plaintiff reserves the right to amend this petition and add additional counts and/or parties as discovery continues.

## IX.
## CONDITIONS PRECEDENT

9.1    Pursuant to Rule 54 of the TEXAS RULES OF CIVIL PROCEDURE, all conditions precedent to Plaintiff's right to recover and all Defendants' liability have been performed or have occurred.

## X.
## JURY DEMAND

10.1    Pursuant to TEX. R. CIV. P. 216, Plaintiff respectfully requests a trial by jury. Plaintiff is tendering the appropriate fee with the filing of this petition.

## XI.
## RULE 21A SERVICE

11.1    Plaintiff hereby gives notice that all service pursuant to TEXAS RULE OF CIVIL PROCEDURE 21a, or for any such purpose, including discovery requests and responses, should be directed to: dkgarza@gmail.com.

## XII.
## RULE 193.7 NOTICE

12.1   Pursuant to the notice requirements of Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff intends to use all documents produced in response to written discovery in the trial of this Cause.

## XIII.
## PRAYER

13.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANNA ESPARZA, prays that Defendants, NINETY NINE CENTS ONLY STORE INC. d/b/a NINETY NINE CENTS ONLY STORE #2848 a/k/a 99¢ ONLY STORES, 99 CENTS ONLY STORES TEXAS, INC., 99 CENTS ONLY STORES LLC, and/or 99¢ ONLY STORES TX HEADQUARTERS + DISTRIBUTION CENTER, be cited to appear and answer herein, that this Cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants for her actual damages, in such amounts as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest at the maximum rate, costs of suit, and any such other and further relief to which Plaintiff may be justly entitled, at law or in equity.

By: _____
DAMOND K. GARZA
State Bar No. 24045925
E-mail: dkgarza@gmail.com

GARZA TRIAL LAW
445 Recoleta Road
San Antonio, Texas 78212
Phone: (210) 625-5000
Facsimile: (210) 987-5016

**Attorneys for Plaintiff,**
ANNA ESPARZA



**CT Corporation**
**Service of Process Notification**
08/25/2022
CT Log Number 542189055

## Service of Process Transmittal Summary

**TO:** Mary Kasper
99 CENTS ONLY STORES
4000 Union Pacific Ave
Commerce, CA 90023-3202

**RE:** **Process Served in Texas**

**FOR:** 99 Cents Only Stores LLC  (Domestic State: CA)

---

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANNA ESPARZA // To: 99 Cents Only Stores LLC |
| **CASE #:** | 2022CI14319 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/25/2022 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2022, Expected Purge Date: 08/30/2022 |
| | Image SOP |
| | Email Notification,  Mary Kasper  mary.kasper@99only.com |
| | Email Notification,  Mary Kay Delgado  marykay.delgado@99only.com |
| | Email Notification,  Marlon Mendoza  marlon.mendoza@99only.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

FILED
9/1/2022 4:04 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 408th District Court

NO. 2022CI14319

| | | |
|---|---|---|
| ANNA ESPARZA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| NINETY NINE CENTS ONLY | § | |
| STORE, INC. D/B/A NINETY NINE | § | |
| CENTS ONLY STORE #2848 A/K/A | § | 408TH JUDICIAL DISTRICT |
| 99¢ ONLY STORES, 99 CENTS | § | |
| ONLY STORES TEXAS, INC., 99 | § | |
| CENTS ONLY STORES, LLC, AND | § | |
| 99¢ ONLY STORES TX | § | |
| HEADQUARTERS + | § | |
| DISTRIBUTION CENTER | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## DEFENDANT, 99 CENTS ONLY STORES, LLC'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

COMES NOW, 99 CENT ONLY STORES, LLC, Defendant in the above-entitled and numbered cause and in Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

I.

Defendant generally denies the allegations of the Petition and thus asserting the privilege of having such allegations proved by a preponderance of the evidence. Defendants will amend its answer as necessary.

Defendants are alleging contributory negligence on the part of the Plaintiff and unavoidable accident.

II.

99 CENTS ONLY STORES, LLC, hereinafter referred to as Defendant, in this cause demands trial by jury pursuant to Rule 216, Texas Rules of Civil Procedure, and tenders the required fee.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that petitioner take nothing by reason of this suit, that the Defendants be discharged and that they go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which they may show themselves be justly entitled.

Respectfully submitted,

**GRIFFIN & GRIFFIN**


MICHAEL J. GRIFFIN III
SBN: 08463020
Michael@griffinandgriffin.us (no e-service)
MARILYN O. GRIFFIN
SBN: 08463020
Marilyn@griffinandgriffin.us (no e-service)
MAGNOLIA LANDMARK BLDG.
18230 FM 1488 Rd., Suite 330
Magnolia, Texas 77354

(713) 228-6568 Tel.
(713) 228-9900 Fax.
E-service: eservice@griffinandgriffin.us

**ATTORNEYS FOR DEFENDANT**
**99 CENTS ONLY STORES, LLC**

### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, e-service, e-mail, facsimile transmission, and/or hand delivered by messenger, on this the _1st_ day of September 2022, in compliance with Tex.R.Civ.P. 21:

Damond K. Garza
GARZA TRIAL LAW
445 Recoleta Road
San Antonio, Texas 78212
Tel. 210/625-5000
Fax. 210/987-5016
dkgarza@gmail.com

 

                                    _____
                                      MICHAEL J. GRIFFIN III
                                      MARILYN O. GRIFFIN

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cynthia Montana on behalf of Michael Griffin III
Bar No. 08463020
cindy@griffinandgriffin.us
Envelope ID: 67901814
Status as of 9/1/2022 4:25 PM CST
Associated Case Party: Anna Esparza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Damond KellyGarza | | dkgarza@gmail.com | 9/1/2022 4:04:16 PM | SENT |

NO. 2022CI14319

| | | |
|---|---|---|
| ANNA ESPARZA | § | IN THE DISTRICT COURT |
|        *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| NINETY NINE CENTS ONLY | § | |
| STORE, INC. D/B/A NINETY NINE | § | |
| CENTS ONLY STORE #2848 A/K/A | § | 408TH JUDICIAL DISTRICT |
| 99¢ ONLY STORES, 99 CENTS | § | |
| ONLY STORES TEXAS, INC., 99 | § | |
| CENTS ONLY STORES, LLC, AND | § | |
| 99¢ ONLY STORES TX | § | |
| HEADQUARTERS + | § | |
| DISTRIBUTION CENTER | § | |
|        *Defendants* | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS NOTICE TO ADVERSE PARTIES OF REMOVAL

TO:  Plaintiff, ANA ESPARZA, by and through her attorney of record, Damond K. Garza, GARZA TRIAL LAW, 445 Recoleta Road, San Antonio, Texas 78212

Please take notice that the civil action in which you are named as a Plaintiff, commenced on September 1, 2022 in the District Court of Bexar County styled: Anna Esparza v. 99 Cents Only Store, Inc. d/b/a 99 Cents Only Store No. 2848, *et al,* with a cause number of 2022-CL-14319 has been removed from that court to the United States District Court for the Western District of Texas today September 21, 2022. On this date, a Notice of Removal, a copy of

which is attached as Exhibit "A" was filed with the clerk of the United States District Court. A copy of that Notice of Removal has been filed with the clerk of the state court affecting removal pursuant to 28 U.S.C. Section 1446.

Respectfully submitted,

**GRIFFIN & GRIFFIN**

MICHAEL J. GRIFFIN III
SBN: 08463020
Michael@griffinandgriffin.us (no e-service)
MARILYN O. GRIFFIN
SBN: 08463020
Marilyn@griffinandgriffin.us (no e-service)
MAGNOLIA LANDMARK BLDG.
18230 FM 1488 Rd., Suite 330
Magnolia, Texas 77354
(713) 228-6568 Tel.
(713) 228-9900 Fax.
E-service: eservice@griffinandgriffin.us

**ATTORNEYS FOR DEFENDANT**
**99 CENTS ONLY STORES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, e-service, e-mail, facsimile transmission, and/or hand delivered by messenger, on this the 21st day of September 2022, in compliance with Tex.R.Civ.P. 21:

Damond K. Garza
GARZA TRIAL LAW
445 Recoleta Road
San Antonio, Texas 78212
Tel. 210/625-5000
Fax. 210/987-5016
dkgarza@gmail.com

MICHAEL J. GRIFFIN III
MARILYN O. GRIFFIN